# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VICTOR FUENTES, | : |
| Plaintiff, | : |
| | : |
| | : Civil Action No. 2:18-cv-05174-AB |
| ROYAL DUTCH SHELL, plc, et al. | : |
| | : |
| Defendants. | : |

## JOINT PROPOSED DISCOVERY PLAN

As required by this Court's April 23, 2019 Amended Notice (Doc. 16) and Federal Rule of Civil Procedure 26(f), and following their conference to discuss discovery issues in this case, the parties submit this joint discovery plan.

**1.   Rule 26(a) Disclosures**

The parties will exchange their initial disclosures under Federal Rule of Civil Procedure 26(a) on May 31, 2019.

**2.   Discovery Subjects**

A.   Counsel for the parties agree that unless otherwise stipulated or ordered by the Court, discovery must proceed in accordance with the Federal Rules of Civil Procedure. The parties do not believe that any modifications to the procedures set out in the Rules are required at this time.

B.   Counsel agree that the subjects of discovery include:

- The employment and earning histories of Victor Fuentes, the named plaintiff;

74379199

- The no-solicitation and no-hiring clauses in agreements between Jiffy Lube International, Inc. ("Jiffy Lube") and its franchisees, including how and why they were developed and implemented;

- Whether those no-solicitation and no-hiring agreements affected wages of members of the proposed class (which will require collecting wage data from non-party Jiffy Lube franchisees);

- Operations and employee manuals for employees of Jiffy Lube franchisees, including any training and wage scales mandated or suggested by Jiffy Lube; and

- Whether Jiffy Lube franchisees compete for employees.

Jiffy Lube also believes that discovery will be needed on the labor markets in which Jiffy Lube franchisees compete for employees.

C. Counsel have not yet identified any depositions that they anticipate will be necessary other than the deposition of Victor Fuentes, but will begin to identify deponents as soon as initial disclosures are exchanged.

**3.     Pretrial timetable**

Because this is a proposed class action, antitrust case and class certification briefing will require expert analysis, counsel for the parties believe that this case will require a departure from the Court's default scheduling order and have set forth a proposed timetable for the schedule as follows:

| Event | Proposed Date |
|---|---|
| Deadline for amending pleadings and joining parties | September 6, 2019 |
| Plaintiff files motion for class certification (including any supporting expert declarations) | February 21, 2020 |
| Defendant files opposition to motion for class certification (including any supporting expert declarations) | April 3, 2020 |
| Plaintiff files reply in support of motion for class certification | May 22, 2020 |
| Conclusion of fact discovery | June 19, 2020 |
| Plaintiff serves merits expert reports | July 17, 2020 |
| Defendant serves merits expert reports | August 21, 2020 |
| Plaintiff serves merits rebuttal reports | September 18, 2020 |
| Conclusion of expert discovery | October 23, 2020 |
| Deadline for filing dispositive motions | November 20, 2020 |
| Opposition to any Motion for Summary Judgment | January 15, 2021 |
| Reply to any Motion for Summary Judgment | February 19, 2021 |

**4.    Alternative Dispute Resolution**

The parties are open to participating in non-binding mediation.

**5.    Other Pretrial Issues**

The parties anticipate asking that the court enter a protective order to facilitate discovery, an order regarding a protocol related to electronically stored information, and an order under Federal Rule of Evidence 502(d). The parties are conferring with each other regarding the contents of those orders and expect to submit them for the Court's consideration shortly.

Dated:  May 1, 2019.

                              Respectfully submitted,

*s/ Michael L. Schrag*
Michael L. Schrag
(*prohac vice* pending)
*mls@classlawgroup.com*
Joshua J. Bloomfield
(*prohac vice* pending)
*jjb@classlawgroup.com*
George W. Sampson, Of Counsel
(*prohac vice* pending)
*gws@classlawgroup.com*
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

*/s/ Kevin Clancy Boylan*
Kevin Clancy Boylan
cboylan@forthepeople.com
Pennsylvania Bar No. 314117
**MORGAN & MORGAN**
1600 John F. Kennedy Blvd., Suite 900
Philadelphia, PA 19102
Telephone: (215) 446-9795

*/s/ John A. Yanchunis*
John A. Yanchunis
jyanchunis@forthepeople.com
Florida Bar No. 324681
Marcio W. Valladares
mvalladares@forthepeople.com
Florida Bar No. 0986917
**MORGAN & MORGAN COMPLEX LITIGATION GROUP**
201 North Franklin Street, Seventh Floor
Tampa, Florida 33602
Telephone: (813) 223-5505

      *Attorneys for Plaintiff*
*Victor Fuentes and the Proposed Class*

*/s/ Andrea L. D'Ambra*
Andrea L. D'Ambra (PA 93385)
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY 10019-6022
Telephone:  (212) 318-3000
Telecopier:  (212) 408-5100
andrea.dambra@nortonrosefulbright.com

Layne E. Kruse*
Anne M. Rodgers*
Eliot F. Turner*
NORTON ROSE FULBRIGHT US LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone:  (713) 651-5151
Telecopier:  (713) 651-5246
layne.kruse@nortonrosefulbright.com
anne.rodgers@nortonrosefulbright.com
eliot.turner@nortonrosefulbright.com

      *Attorneys for Defendant*
*Jiffy Lube International, Inc.*

*Admitted *pro hac vice*

## CERTIFICATE OF FILING AND SERVICE

I certify that on May 1, 2019, I filed this document on Court's docket using the Court's CM/ECF system. Based on the Court's records, all counsel of record were served with a copy of the foregoing document by electronic means.

*/s/ Andrea L. D'Ambra*
Andrea L. D'Ambra
