IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VICTOR FUENTES,                                 :
        Plaintiff.                          :           CIVIL ACTION
                                                :           No. 18-5174
        v.                                  :
                                                :
ROYAL DUTCH SHELL PLC, et al.                   :
        Defendants.                         :

**EXPLANATION AND ORDER**

For the reasons that follow, the Court (1) denies the Defendants' Motion to Dismiss (ECF No. 11) to the extent it argues that Plaintiff fails to state a claim under the Sherman Act; (2) grants the Motion to the extent it argues that Fuentes lacks standing to seek injunctive relief; and (3) grants the Motion to the extent it seeks to dismiss claims that are barred by the four-year statute of limitations applicable to antitrust claims.

**I.      Failure to State a Claim Under the Sherman Act**

Defendants argue that Fuentes fails to state a claim under the Sherman Act as a matter of law.  The Court rejects that argument and finds that Fuentes has alleged sufficient facts to survive Defendants' motion to dismiss.

Over the last year and a half, six district courts have faced motions to dismiss raising precisely the same legal issue raised here: whether a "no-poach" provision in a franchise agreement (that prevents one franchisee from hiring another's employees for a set period) can constitute an anticompetitive restraint under the Sherman Act.  Five of the six denied those motions to dismiss.  Two held that a *per se* analysis was inapplicable, but also held that a quick look analysis could potentially apply at a later stage, depending on further factual development.  *Deslandes v. McDonald's USA, LLC*, No. 17-cv-4857, 2018 WL 3105955, at *7-*8 (N.D. Ill.

1

June 25, 2018); *Yi v. SK Bakeries, LLC*, No. 18-cv-5627, 2018 WL 8918587, at *4-5 (W.D.

Wash. Nov. 13, 2018).  The other three declined to rule out any mode of analysis at the pleading

stage, noting that *per se*, quick look, or rule-of-reason analysis could apply depending on

subsequent factual development.  *Butler v. Jimmy John's Franchise, LLC*, 331 F. Supp. 3d 786,

797 (S.D. Ill. 2018); *Blanton v. Domino's Pizza Franchising LLC*, No. 18-cv-13207, 2019 WL

2247731, at *4-*5 (E.D. Mich. May 24, 2019); *In re Papa John's Employee and Franchisee*

*Employee Antitrust Litig.*, No. 18-cv-00825, 2019 WL 5386484, at *9 (W.D. Ky. Oct. 21, 2019).

Those decisions are persuasive.  Here, like in those cases, Fuentes has plausibly alleged a

conspiracy that may, in part or in full, be characterized as "horizontal."  Like the courts in *Butler*,

*Blanton*, and *Papa John's*, this Court declines to determine which mode of analysis applies to the

challenged no-poach provision at the pleading stage.  But at this stage, Fuentes has pled enough

facts to surpass Defendants' motion to dismiss.

## II.      Justiciability of Request for Injunctive Relief

Although Fuentes may proceed with his Sherman Act claim, he lacks standing to pursue

injunctive relief for that claim because he has not alleged a sufficiently imminent threat of future

injury.  Therefore, the Court dismisses his request for injunctive relief without reaching the

Defendants' alternative mootness argument.

Plaintiffs must establish standing for "each type of relief sought."  *Summers v. Earth*

*Island Inst.*, 555 U.S. 488, 493 (2009) (citation omitted).  Those seeking injunctive relief must

show a threat of future injury that is "actual and imminent," as opposed to one that is

"conjectural or hypothetical."  *Id.*; *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158

(2014) (allegations of future injury "may suffice if the threatened injury is 'certainly impending,'

or there is 'substantial risk that the harm will occur.'" (quoting *Clapper v. Amnesty Int'l USA*,

568 U.S. 398, 409, 414 n.5 (2013))).  Mere allegations "of *possible* future injury are not

sufficient."  *Clapper* at 409 (citations and internal quotation marks omitted).

At best, Fuentes alleges hypothetical future harm insufficient to ground standing for

injunctive relief.  He specifically concedes in his briefing that he "has not worked at a Jiffy Lube

shop for six months and *does not explicitly allege that he intends to work there again . . . .*"

Fuentes Br. in Opposition to Defendant's Mot. to Dismiss, at 18, ECF No. 29 (emphasis added).

He argues only that it is "plausible" or "possible" that he will return to Jiffy Lube at some

undefined point in the future.[1]  That is precisely the kind of speculative future harm that the

Supreme Court has rejected as inadequate.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564

(1992) ("Such 'some day' intentions [to return to the site of an alleged future injury]—without

any description of concrete plans, or indeed even any specification of *when* the some day will

be—do not support a finding of the 'actual or imminent' injury that our cases require.").

## III.    Fraudulent Concealment and Statute of Limitations

Fuentes seeks to recover class action damages for claims dating back to 2010.[2]  Antitrust

claims are subject to a four-year statute of limitations. 15 U.S.C. § 15b.  Fuentes argues that the

statute of limitations should be tolled under the "fraudulent concealment" doctrine.  But he fails

to adequately allege the elements necessary to show fraudulent concealment.  Therefore,

Fuentes's claims for damages are subject to the four-year statute of limitations and are barred to

the extent that they exceed that time limit.

---

[1] *See id.* at 18 ("[T]he Complaint shows that Fuentes has left and returned to Jiffy Lube in the past making it plausible that he would return in the future."); *see also id.* (arguing that injunctive relief would remove the "possibility" that Fuentes "will be harmed in any future employment at Jiffy Lube").

[2] Fuentes never specifies this limit in his Complaint, but he does so in his briefing.  *See* Fuentes Br. in Opposition to Defendant's Mot. to Dismiss, at 2-3, ECF No. 29.

To establish fraudulent concealment, a plaintiff must show three elements: (1) "the defendant actively misled the plaintiff"; (2) as a result, the defendant "prevented the plaintiff from recognizing the validity of her claim within the limitations period"; and (3) the plaintiff's "ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts." *Cunningham v. M&T Bank Corp.*, 814 F.3d 156, 161 (3d Cir. 2016) (citation and internal quotation marks omitted). This kind of "equitable tolling is an extraordinary remedy which should be extended only sparingly." *Id.* (citation and internal quotation marks omitted). Plaintiffs alleging fraudulent concealment must satisfy Rule 9(b)'s heightened pleading standard. *See Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984) ("We agree of course that fraud, and thus fraudulent concealment, must be pleaded with particularity." (citing Fed. R. Civ. P. 9(b))); *In re Processed Egg Prods. Antitrust Litig.*, 931 F. Supp. 2d 654, 661 (E.D. Pa. 2013) (noting the same in antitrust case).[3]

Fuentes fails to satisfy the first element—that Jiffy Lube actively misled Fuentes—and therefore cannot take advantage of the fraudulent-concealment tolling doctrine. Fuentes argues that certain "false public representations" on Jiffy Lube's online "Careers" page "concealed the existence of the no-poach agreement." Fuentes Br. in Opposition to Defendant's Mot. to Dismiss, at 19, ECF No. 29. Specifically, his Complaint points to the following three statements:

- Jiffy Lube's website tells prospective employees that work at Jiffy Lube is "[m]ore than just a job, but a step toward a career that lets you instantly see the results of your hard work."

---

[3] The Rule 9(b) standard is "somewhat relaxed" for plaintiffs "plead[ing] issues that may have been concealed by the defendants," especially where the "factual information remains within the defendant's control." *In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 880 (E.D. Pa. 2012) (citing *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 658 (3d Cir. 1998); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997)). But relaxation "does not translate into, or otherwise authorize, boilerplate and conclusory allegations . . . ." *In re Processed Egg Prods.*, 851 F. Supp. 2d at 880 (citation omitted). Specificity is still required.

- "Jiffy Lube provides employees with a safe and enriching environment."

- "[Jiffy Lube employees will] be working with one of the most reputable companies in the business, one with a stake in your success because it enhances our customers' trust in Jiffy Lube."

Compl. at ¶ 25, ECF No. 1.  None of these statements say anything about the existence of a no-poach provision.  At best, they imply that Jiffy Lube (1) cares about its employees; (2) provides a good workplace; and (3) lets employees advance and "see the results" of their hard work.  None of those broad statements are specific enough to satisfy Rule 9(b)'s particularity requirement, because none of them directly imply anything about the presence of a no-poach provision.

Fuentes argues that a similar case—*Blanton v. Domino's Pizza Franchising, LLC*—found fraudulent concealment based on "nearly identical" allegations.  That is incorrect.  The *Blanton* court found that the franchisor "concealed" the existence of a similar no-poach provision because the franchisor "publicly represented that franchisees make their own employment decisions." *Blanton*, 2019 WL 2247731 at *6 (E.D. Mich. May 24, 2019).  That statement necessarily implies that there are no limits—such as a no-poach provision—on a franchisee's ability to make its own hiring decisions.[4]  That is not the case for the generalized statements that Fuentes cites.

Accordingly, because Fuentes fails to point to any statements that directly conceal the existence of the no-poach provision he challenges, he cannot take advantage of the fraudulent

---

[4] Likewise, the recent decision in *In re Papa John's* found fraudulent concealment—but relied on a similar statement by the defendant that franchisees have complete control over hiring decisions. *See In re Papa John's Employee and Franchisee Employee Antitrust Litig.*, 2019 WL 5386484 at *10 (W.D. Ky. Oct. 21, 2019) ("Defendants publicly represented that each franchisee had complete control over all hiring practices and those false statements fostered a misimpression . . . that Defendants had no inter-franchise constraints on their hiring and employment practices.").  If Fuentes had pointed to a similar statement by Jiffy Lube, his fraudulent concealment argument would have been much stronger.

concealment doctrine to toll the statute of limitations in this case.[5]

## IV.    Conclusion

For the reasons given above, Fuentes may proceed with his Sherman Act claim, but may not do so to the extent that he (1) requests injunctive relief and/or (2) brings any claims—on his own behalf or on behalf of the class he seeks to represent—that are barred by the four-year statute of limitations applicable to antitrust claims.

**AND NOW**, on this _25ᵗʰ ___ day of November, 2019, it is **ORDERED** that Defendants' Motion to Dismiss (ECF No. 11) is **DENIED** in part and **GRANTED** in part as follows:

1. Defendants' Motion to Dismiss is **DENIED** to the extent it argues that Fuentes fails to state a claim under the Sherman Act.

2. Defendants' Motion to Dismiss is **GRANTED** to the extent that it argues that Fuentes lacks standing to request injunctive relief.

3. Defendants' Motion to Dismiss is **GRANTED** to the extent it argues that the four-year statute of limitations applies to Fuentes's claims.

---

[5] Fuentes also argues that fraudulent concealment is appropriate because Jiffy Lube's conspiracy was "self-concealing."  Fuentes Br. in Opposition to Defendant's Mot. to Dismiss, at 19, ECF No. 29 (quoting *Bethlehem Steel Corp. v. Fischbach and Moore, Inc.*, 641 F. Supp. 271, 275 (E.D. Pa. 1986)).  His argument is unpersuasive.  It consists of a single sentence quoting a district court case for the legal proposition that a "self-concealing conspiracy may satisfy the wrongful concealment element of the fraudulent concealment doctrine."  *Id*.  He never explains how *this* conspiracy is self-concealing.  That kind of conclusory argument is unavailing.  *See, e.g.*, *Butala v. Agashiwala*, 916 F. Supp. 314, 320 (S.D.N.Y. 1986) (declining to toll statute of limitations on a fraudulent concealment theory because, among other things, "the plaintiffs merely state in a conclusory fashion that the defendants' fraud was self-concealing"); *Bethlehem Steel Corp.*, 641 F. Supp. at 275 (E.D. Pa. 1986) (favorably citing another district court case that rejected a self-concealing conspiracy argument because the "allegations as to self-concealment were conclusory and therefore defective under" Rule 9(b) (citing *In re Fertilizer Antitrust Litig.*, 1979-2 Trade Cases (CCH) ¶ 62,894, 1979 WL 1690, at *7-*8 (E.D. Wash. Sep. 14, 1979))).

7

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on  11/25/2019