## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR FUENTES and CAYLA YOUNG, | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 2:18-cv-05174 |
| v. | : | |
| | : | |
| ROYAL DUTCH SHELL, plc, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT JIFFY LUBE INTERNATIONAL, INC.'S
## BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'
## FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)

Defendant Jiffy Lube International, Inc. ("Jiffy Lube") submits this brief in support of its motion to dismiss the claims for injunctive relief and fraudulent concealment in the First Amended Complaint ("FAC") (Doc. 53) of plaintiffs Victor Fuentes and Cayla Young ("Plaintiffs"), which are no different that the claims this Court previously dismissed. *See* Doc. 41; *Fuentes v. Royal Dutch Shell PLC*, No. 18-5174, 2019 WL 7584654 (E.D. Pa. Nov. 25, 2019) (dismissing claims for injunctive relief and fraudulent concealment in original complaint).

## PROCEDURAL BACKGROUND

Plaintiff Victor Fuentes ("Fuentes"), a former employee of two Jiffy Lube franchisees, filed this case on November 29, 2018. Doc. 1. Pursuant to an agreement of the parties, he voluntarily dismissed all defendants other than Jiffy Lube on April 10, 2019. Doc. 8. After full briefing on Jiffy Lube's motion to dismiss the complaint, the Court (1) denied the motion to the extent Jiffy Lube argued that Fuentes failed to state a claim under the Sherman Act; (2) granted the motion to the extent Fuentes requested injunctive relief, for which Fuentes's lacked standing; and (3) granted the motion for any claims (whether brought on behalf of Fuentes individually or

on behalf of the class he seeks to represent) that are barred by the four-year statute of limitations applicable to antitrust claims.  Doc. 41; *Fuentes*, 2019 WL 7584654.

On May 4, 2020, Fuentes, joined by an additional plaintiff—Cayla Young ("Young")— filed a First Amended Complaint ("FAC").  Doc. 53.  Other than adding Young and describing her former employment history with a Jiffy Lube franchisee in Idaho and Washington state (*id.* ¶¶ 7, 14, 70-73), the First Amended Complaint is substantively identical to the Original Complaint.

## SUMMARY OF ARGUMENT

Fuentes and Young assert the same claim under the Sherman Act that Fuentes made in the original complaint.[1]  They also seek the same injunctive relief and make the same allegations regarding fraudulent concealment that Fuentes did in the original complaint.  This Court, of course, dismissed the request for injunctive relief and the claim of fraudulent concealment, and none of the allegations in the FAC provide any basis for this Court to change its prior order dismissing those two claims.

Specifically, the Court dismissed the claim for injunctive relief brought by Fuentes, who is no longer an employee of a Jiffy Lube franchisee, had not been for some time, and did not indicate any intention to become on again, on the grounds that he "lacks standing to pursue injunctive relief . . . because he has not alleged a sufficiently imminent threat of future injury." *Fuentes*, 2019 WL 7584654, at *1.  Like Fuentes, Young has not been employed by a Jiffy Lube franchisee for more than six months before the filing of this lawsuit—in her case, she has not worked at a Jiffy Lube franchise since August 2015.  Doc. 53 ¶ 72.  And like Fuentes, Young

---

[1] The Court's dismissal order denied Jiffy Lube's motion to dismiss Fuentes's claim under the Sherman Act for failure to state a claim.  Jiffy Lube is not re-urging its motion to dismiss the Sherman Act for failure to state a claim, although it believes that Plaintiffs have failed to allege sufficient facts to state a claim under the Sherman Act.

gives no indication that she has any plans to return to work for a Jiffy Lube franchisee. *Id.* ¶¶ 70-73.

Thus, neither Plaintiff is subject to the terms of the agreement being challenged in this lawsuit, nor is either likely to be.  Plaintiffs have provided no reason, therefore, to disturb the Court's dismissal of their claim for injunctive relief.

Plaintiffs also continue to allege that the doctrine of fraudulent concealment allows them to seek damages under the Sherman Act for claims dating back to 2010.  But as the Court has already found, Fuentes did not allege in the original complaint "any statements that directly conceal the existence of the no-poach provision" at issue, and therefore, "cannot take advantage of the fraudulent concealment doctrine to toll the statute of limitations in this case."  *Id.* at *3. With no new allegations of fraudulent concealment in the FAC, the mere addition of Young as another plaintiff provides no basis to change the Court's prior ruling barring Plaintiffs' fraudulent concealment claim.

Accordingly, Plaintiffs' claims for injunctive relief and fraudulent concealment should once again be dismissed.

## SUMMARY OF ALLEGATIONS

### Plaintiff Fuentes

Fuentes alleges that he was hired in October 2015 by a Jiffy Lube franchisee in Montgomeryville, Pennsylvania, as an Entry Level Technician.  Doc. 53 ¶¶ 62-63.  Just two months later, in December, 2015, Fuentes decided he wanted to move to South Florida.  He alleges that he was told that he could not transfer to a Jiffy Lube in Florida because the Montgomeryville franchisee did not have a franchise in Florida.  *Id.* ¶ 64.

Even though Fuentes began looking for work in South Florida almost immediately after starting with the Montgomeryville Jiffy Lube, he received a number of promotions at that shop.

*Id.* ¶ 63.   Despite that, Fuentes quit his job at the Montgomeryville Jiffy Lube sometime in January 2016, and moved to Florida four or five months later, in May 2016.  *Id.* ¶ 65.

At the time Fuentes moved to South Florida, only a month or two would have remained on the six-month no-hire provision contained in the franchise agreements between defendant Jiffy Lube and its independent franchisees (that Fuentes admits are not competitors of Jiffy Lube).  *Id.* ¶¶ 66, 28.  Nevertheless, Fuentes held various jobs after moving to South Florida that were not "satisfactory" to him before he obtained a job some (unidentified) time later at a Fort Lauderdale Jiffy Lube making $2.00 an hour more than he had at the Jiffy Lube in Montgomeryville.  *Id.* ¶¶ 63, 66.

Fuentes received a raise and performance-based bonuses in Fort Lauderdale and was able to transfer to a Jiffy Lube in Boca Raton that was owned by the same franchisee.  *Id.* ¶ 67.  But Fuentes then apparently decided in December 2017 that he did not want to live close to his family in Florida anymore.  *Id.* ¶ 68.  He once again sought a transfer, this time back to Pennsylvania.  *Id.* ¶ 68.  The transfer was allegedly "denied due to the No-Poach Agreement," and in July 2018, Fuentes quit working at the Florida Jiffy Lube.  *Id.*

**Plaintiff Young**

Young alleges that she was hired by a Jiffy Lube franchisee in Lewiston, Idaho, in May 2014 as a Customer Service Representative and Lube Technician.  *Id.* ¶ 70.  A few months later, she transferred to another location owned by the same franchisee in Lewiston, where she served as Assistant Manager.  *Id.* ¶ 71.  And just a few months after that, she transferred to another location owned by the same franchisee in Clarkston, Washington, where she served as Manager.  *Id.* ¶ 72.  She left that job less than a year later, in August 2015.

Like Fuentes, Young was able freely to transfer to different Jiffy Lube shops owned by the same franchisee. Unlike Fuentes, however, Young does not contend that she was ever denied a position with any Jiffy Lube shop because of the no-poach provision in the Franchise Agreements between Jiffy Lube and its franchisees. Instead, she contends that the mere existence of the agreement (although apparently never enforced with respect to Young) "inhibited her employment mobility, and lessened her professional work opportunities." *Id.* ¶ 73.

From these few allegations, Plaintiffs claim that Jiffy Lube and its franchisees entered into an allegedly *per se* illegal nationwide antitrust conspiracy to suppress wages, inhibit employment mobility, and lessen professional work opportunities. *Id.* ¶ 69. And because Jiffy Lube and the franchisees supposedly fraudulently concealed the alleged conspiracy from Plaintiffs and all other employees of all Jiffy Lube franchisees, Plaintiffs seek to represent an alleged class of "[a]ll persons in the United States who are current or former employees of a Jiffy Lube shop operated by Jiffy Lube or a franchisee from at least 2010 forward." *Id.* ¶ 79.

## ARGUMENT AND AUTHORITIES

The FAC contains no new allegations other than those relating to Young's employment history with a Jiffy Lube franchisee in Idaho and Washington state. In other words, there are no new allegations that could cause this Court to alter its decision dismissing Plaintiffs' claims for injunctive relief or fraudulent concealment.

Rule 12(b)(6) requires dismissal of claims where a plaintiff's allegations are not "plausible" and fail to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009). In deciding a motion to dismiss, courts ignore "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, a court must dismiss a

complaint when the plaintiff fails to plead facts necessary to support an essential element of his or her claim.  *See Brunson Commc'ns, Inc. v. Arbitron, Inc.*, 239 F. Supp. 2d 550, 570-71 (E.D. Pa. 2002) (dismissing antitrust claims where the complaint "provided no factual allegations" that would support essential element of the claim).

Generally, in ruling on a motion to dismiss, a court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2008); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1195 (3d Cir. 1993).  Certain other materials may also be considered. For example, "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."  *In re Burlington*, 114 F.3d at 1426 (citation and internal quotation marks omitted); *Pension Ben. Guar. Corp.*, 998 F.2d at 1196 ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").  A document can be "integral to or explicitly relied upon in the complaint," even though the plaintiff may not "explicitly refer to or cite" it.  *In re Burlington*, 114 F.3d at 1426.

Public records filed with governmental entities may also be considered in deciding whether to dismiss for failure to state a claim.  *See, e.g.*, *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("Other [documents], like the SEC filings attached by a number of the defendants, are matters of public record of which the court can take judicial notice."); *Sands*, 502 F.3d at 268 (matters in the public record).

**1.    As this Court has held, Plaintiffs do not have standing under Article III to pursue injunctive relief because they are no longer subject to the agreement they challenge and Jiffy Lube has agreed not to enforce this provision in its franchise agreements.**

Plaintiffs have sued for injunctive relief enjoining Jiffy Lube from enforcing, adhering to, and establishing any agreement allegedly restricting competition for employees of Jiffy Lube

franchisees.  Doc. 53 ¶¶ 7, 107, 108.  But Plaintiffs are no longer employees of any Jiffy Lube franchisee and indeed, left their employment with Jiffy Lube franchisees long before the complaint in this case was originally filed.  *Id.* ¶¶ 68, 72.  Plaintiffs do not allege that they have applied to work at a Jiffy Lube franchise again or that they plan to do so.  Plaintiffs, therefore, have alleged no basis in the FAC that could alter the Court's prior ruling denying the request for injunctive relief.  Because neither Plaintiff could be affected by the provision they challenge, they do not have standing to seek injunctive relief.

Plaintiffs' claim for injunctive relief fails for other reasons too.  Namely, Jiffy Lube no longer includes the provision in its franchise agreements and indeed has agreed, as part of a settlement with the Washington Attorney General, not to enforce the provision against its franchisees.  Thus, even were Plaintiffs still employed by a Jiffy Lube franchisee, neither they nor any other Jiffy Lube franchise employee would be affected by the provision given that it is no longer enforced and no longer will be.

A.      **Plaintiffs are not subject to the provision because neither currently works for a Jiffy Lube franchisee and neither has alleged that any intent to return to work at a Jiffy Lube franchise.**

Plaintiffs do not have standing to seek injunctive relief because they have "not alleged a sufficiently imminent threat of future injury."  *Fuentes*, 2019 WL 7584654 at *1.  Plaintiffs must demonstrate standing for each type of relief they seek.  *Friends of the Earth v. Laidlaw Env't Servs.*, 528 U.S. 167, 185 (2000); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

To have standing, a plaintiff must have suffered an injury in fact—an invasion of a legally protected interest that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  *Lujan*, 504 U.S. at 560 (internal quotation marks and citations omitted).  "Allegations of [a] possible future injury do not satisfy the requirements of Art[icle] III."  *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).  "To ensure that the alleged injury is not

too speculative for Article III purposes," it must be "certainly impending." *Lujan* 504 U.S. at 564 n.2. "When, as in this case, prospective relief is sought, the plaintiff must show that he is 'likely to suffer future injury' from the defendant's conduct." *McNair v. Synapse Grp., Inc.*, 672 F.3d 213, 223 (3d Cir. 2012).

Here, neither plaintiff works at Jiffy Lube franchise, nor have they for years.  Doc. 53 ¶ 68 (Fuentes left his Jiffy Lube franchise employment in July 2018); ¶ 72 (Young left her Jiffy Lube franchise employment in August 2015).  Plaintiffs have not alleged that they have been hired by a Jiffy Lube franchise again, that they have applied to work at any Jiffy Lube franchise again, or even that they have any plans to do so.

This Court's reasoning in dismissing the claim for injunctive relief in the initial complaint in this case applies equally to the FAC:

> At best, Fuentes alleges hypothetical future harm insufficient to ground standing for injunctive relief.  He specifically concedes in his briefing that he "has not worked at a Jiffy Lube shop for six months *and does not explicitly allege that he intends to work there again*...."  Fuentes Br. in Opposition to Defendant's Mot. to Dismiss, at 18, ECF No. 29 (emphasis added).  He argues only that it is "plausible" or "possible" that he will return to Jiffy Lube at some undefined point in the future.  That is precisely the kind of speculative future harm that the Supreme Court has rejected as inadequate.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 (1992) ("Such 'some day' intentions [to return to the site of an alleged future injury]—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require.").

*Fuentes*, 2019 WL 7584654, at *2 (footnote omitted).[2]

---

[2] *See also McNair v. Synapse Group*, 672 F.3d 215, 224 (3rd Cir. 2012) (the plaintiffs "are not Synapse customers and are thus not currently subject to Synapse's allegedly deceptive techniques for obtaining subscription renewals . . . . Unless they decide to subscribe again, then, there is no reasonable likelihood that they will be injured by those techniques in the future"); *Landau v. Vidrin Energy PA LLC*, 223 F. Supp. 3d 401, 420 (E.D. Pa. 2016) (dismissing for lack of standing injunctive claims challenging "unlawful practice of charging excessive undisclosed rates" to customers brought by a former customer); *cf. Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364-65 (2011) (recognizing that the court of appeals properly concluded that "those plaintiffs no longer employed by Wal-Mart lack standing to seek injunctive or declaratory relief

Because they are no longer employed by a Jiffy Lube franchisee (and have not plausibly alleged that they will be), Plaintiffs have made no showing that they are or are likely to be affected by the no-hire provisions in Jiffy Lube's franchise agreements. This Court correctly held that Fuentes has no have standing to sue Jiffy Lube for injunctive relief, and the same holds true for Young. Their request for injunctive relief in the FAC must therefore be dismissed.

**B.      Jiffy Lube has agreed to remove the "no hire" clause from new franchise agreements and not to enforce the clause in any existing franchise agreements.**

Even if Plaintiffs were still employed by a Jiffy Lube franchisee or were likely to be in the near future, they would still not have standing to pursue claims for injunctive relief in this case. That is because Jiffy Lube no longer includes the provision in new franchise agreements and it has agreed that it will no longer enforce the provision in its existing franchise agreements. *See* Doc. 11-4, Jiffy Lube International, Inc. Assurance of Discontinuance, *In re Franchising No Poaching Provisions*, Case No. 18-2-5777-2 SEA at ¶ 3.1.1 (Wash. Sup. Ct. Dec. 20, 2018) ("[Jiffy Lube] will no longer include no-poach provisions in any of its future franchise agreements"); *id.* ¶ 3.1.2 ("[Jiffy Lube] will no longer enforce no-poaching agreements in any of its existing franchise agreements").[3] With no likelihood that the agreement will be enforced or entered into again, there is no need for prospective relief.

---

against its employment practices" and that former employees "have no . . . need for prospective relief").

[3] *See also* FAC, Doc. 53 ¶ 6 (Plaintiffs acknowledge that "at least 30 national chains have already entered consent decrees with the Washington Attorney General, pledging to remove no-poach provisions from their franchise agreements"); *id.* ¶ 61 ("Washington Attorney General Bob Ferguson announced that in order to avoid lawsuits, certain franchisors had reached agreements to discontinue enforcement of no-poach provision and to take steps to remove non-poach language from franchise agreements going forward").

2.     **Plaintiffs' fraudulent concealment allegations do not allege conduct sufficient to establish fraudulent concealment as a matter of law and fail to meet the particularity requirements of Rule 9(b).**

This Court previously dismissed all claims—brought either individually of on behalf of a proposed class—that are barred by the four-year statute of limitations applicable to antitrust claims. *Fuentes*, 2019 WL 7584654, at *2; *see also* 15 U.S. C. § 15b ("Any action to enforce any cause of action under section 15, 15a, or 15c of this title shall be forever barred unless commenced within four years after the cause of action accrued.").  But once again, Plaintiffs try to avoid the limitations bar through the equitable tolling doctrine of fraudulent concealment. Doc. 53 ¶ 87.  They thus continue to seek to represent a class of employees and former employees from "at least 2010" forward.  *See* Doc. 53 ¶ 79.

Plaintiffs' allegations are still not sufficient to establish fraudulent concealment, which the Third Circuit has described as "an extraordinary remedy which should be extended only sparingly." *Cunningham v. M&T Bank Corp.*, 814 F.3d 156, 161 (3d Cir. 2016).  A plaintiff invoking fraudulent concealment must allege "(1) that the defendant actively misled the plaintiff; (2) which prevented the plaintiff from recognizing the validity of her claim within the limitations period; and (3) . . . the plaintiff's ignorance is not attributable to her lack of reasonable due diligence in attempting to uncover the relevant facts." *Id*.  In addition, allegations of fraudulent concealment must meet Rule 9(b)'s heightened pleading standard and be pleaded with particularity. *Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984) ("[F]raud, and thus fraudulent concealment, must be pleaded with particularity.") (citing Fed. R. Civ. P. 9(b)); *see also* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").

Plaintiffs have not met that standard in the FAC.  Indeed, the statements Plaintiffs allege in the FAC to support their concealment argument are unchanged from those in the original complaint (*compare* Doc. 1 ¶ 25 to Doc. 53 ¶ 26), which this Court found plainly insufficient:

> Fuentes fails to satisfy the first element—that Jiffy Lube actively misled Fuentes—and therefore cannot take advantage of the fraudulent-concealment tolling doctrine. Fuentes argues that certain "false public representations" on Jiffy Lube's online "Careers" page "concealed the existence of the no-poach agreement."  Fuentes Br. in Opposition to Defendant's Mot. to Dismiss, at 19, ECF No. 29. Specifically, his Complaint points to the following three statements:
>
> > • Jiffy Lube's website tells prospective employees that work at Jiffy Lube is "[m]ore than just a job, but a step toward a career that lets you instantly see the results of your hard work."
> >
> > • "Jiffy Lube provides employees with a safe and enriching environment."
> >
> > • "[Jiffy Lube employees will] be working with one of the most reputable companies in the business, one with a stake in your success because it enhances our customers' trust in Jiffy Lube."
>
> Compl. at ¶ 25, ECF No. 1.  None of these statements say anything about the existence of a no-poach provision.  At best, they imply that Jiffy Lube (1) cares about its employees; (2) provides a good workplace; and (3) lets employees advance and "see the results" of their hard work.  None of those broad statements are specific enough to satisfy Rule 9(b)'s particularity requirement, because none of them directly imply anything about the presence of a no-poach provision.

*Fuentes*, 2019 WL 7584654, at *2-3.

The Court thus concluded that "because Fuentes fails to point to any statements that directly conceal the existence of the no-poach provision he challenges, he cannot take advantage of the fraudulent concealment doctrine to toll the statute of limitations in this case."  *Id.* at *3.

Moreover, Jiffy Lube's franchise agreement is publicly available and has been for years—making any claim that the agreement was concealed from Plaintiffs or anyone else implausible.  Plaintiffs' claim that Jiffy Lube fraudulently concealed the existence of the no-hire agreement fails for another, independent reason:  it is simply not true.  Jiffy Lube's franchise agreement—the very agreement on which he bases his claim—is publicly available and has been

since at least 2011.  There cannot be "concealment" when the agreement the plaintiff challenges is publicly available.  And certainly no allegation of concealment would be plausible given the incontestable fact that the agreement on which Plaintiffs' claim is based is publicly available and has been for years.  Doc. 11-5 (noting that form franchise agreement posted to internet in 2011).

Given that Plaintiffs have made no change to their allegations of fraudulent concealment, that claim fails and must be dismissed.  Plaintiffs cannot take advantage of the fraudulent concealment doctrine.

## CONCLUSION

Plaintiffs seek prospective relief to enjoin a practice that by its very terms does not affect them and that will not, given Jiffy Lube's agreement to discard the provision from future franchise agreements and not enforce it any longer in existing franchise agreements.  And they plead that the agreement they challenge was fraudulently concealed even though they cannot allege any acts of "concealment" taken by Jiffy Lube and the agreement they challenge has been publicly available to download on the internet for *years* before they began their employment at Jiffy Lube franchises.

For all these reasons, Plaintiffs' claims for injunctive relief and fraudulent concealment in the First Amended Complaint should be dismissed.

Dated:  May 18, 2020.                    Respectfully submitted,


                                         */s/ Anne M. Rodgers*
                                         Layne E. Kruse (admitted pro hac vice)
                                         Anne M. Rodgers (admitted pro hac vice)
                                         Eliot F. Turner (admitted pro hac vice)
                                         NORTON ROSE FULBRIGHT US LLP
                                         1301 McKinney St., Suite 5100
                                         Houston, Texas 77010
                                         Tel: (713) 651-8304

                                         Andrea L. D'Ambra (PA 93385)
                                         Norton Rose Fulbright US LLP
                                         1301 Avenue of the Americas
                                         New York, NY 10019-6022
                                         Telephone: (212) 318-3000
                                         Telecopier: (212) 408-5100
                                         andrea.dambra@nortonrosefulbright.com

                                         *Attorneys for Defendant Jiffy Lube International, Inc.*


## CERTIFICATE OF SERVICE

I certify that on May 18, 2020, I filed this document on Court's docket using the Court's CM/ECF system.  Based on the Court's records, all counsel of record were served with a copy of the foregoing document by electronic means.


                                         */s/ Anne M. Rodgers*
                                         Anne M. Rodgers