**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| VICTOR FUENTES, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.:  2:18-VC-05174-AB |
| v. | ) | |
| | ) | |
| JIFFY LUBE INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NON-PARTY M.C. LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH PLAINTIFFS' THIRD PARTY SUBPOENA'S REQUEST FOR PRODUCTION NOS. 2, 3, 4, 6**

**I.      MATTER BEFORE THE COURT**

Before this Honorable Court is Non-Party M.C. LLC's ("M.C.") Motion to Quash a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("the Subpoena") served by Plaintiffs Victor Fuentes and Cayla Young ("Plaintiffs") seeking the production of current and former employee related documents and employment policies for putative class members from 2009 through the present.  A true and correct copy of the Subpoena is attached hereto as Exhibit A.

**II.     STATEMENT OF RELEVANT FACTS**

Plaintiffs commenced the underlying action on November 29, 2019, alleging that their former employer, Jiffy Lube, violated antitrust and competition laws.  Plaintiffs seek to represent a class of current and former employees who were allegedly subjected to the same Jiffy Lube policies during their employment.  On May 4, 2020, Plaintiffs filed their First Amended Complaint.  On September 25, 2020, Plaintiffs served M.C. with the Subpoena, seeking production

FP 38902925.1

of the following information and documents:

1.  A copy of any operations manual, handbook, guide, or other document concerning recruitment, hiring, staffing, compensation, or labor relation provided to M.C. LLC by Jiffy Lube.

2.  Documents sufficient to identify any systems, including third-party systems, that store data relating to employees at any of M.C. LLC's Jiffy Lube service centers, including a copy of the data fields available (and dates available) for any such systems, and any related data dictionaries or guides.

3.  Employment data for all individuals that M.C. LLC have employed at any of M.C. LLC's Jiffy Lube service centers at any time from 2009 through the present, including the: employee name, unique employee identification number, compensation data (e.g., hourly wage or salary), payroll data (e.g., weekly/biweekly employee pay and hours worked), employer/store location (address), job title/position and/or employee classification (with related codes and descriptions), demographic information (e.g., social security number, home address, education level, age, and gender), employment dates (in each position if multiple held), number of hours logged per day, week, month, and/or year (to the extent not already included in payroll data), records of promotions and corresponding pay increases/changes in benefits, full-time or part-time status, exempt or non-exempt status, leaves of absences, whether or not an employee non-competition agreement (or similar document) was signed, familial status (e.g., single, married, etc.), prior employment data, and other regularly maintained personnel data.

4.  Documents sufficient to explain the meaning of the data responsive to any of these Requests (including all record layouts, data dictionaries, field codes, and other codes or descriptions) and to show how to operate or run any of the programs maintained on the computer-related equipment or systems utilized by M.C. LLC to maintain data responsive to any of these Requests, including whether any such data can be produced within an excel spreadsheet.

5.  All documents in your possession, custody or control referring or relating to communications regarding no-poach agreements, including but not limited to, periodic newsletters, legislative updates, and other publications, as

FP 38902925.1

well as documents evidencing the form and content of communications (including without limitation online forums, bulletin boards, and other online communities), between M.C. LLC and other Jiffy Lube franchisees, between M.C. LLC and Jiffy Lube, or between M.C. LLC and any other person or entity.

6.    All documents in your possession, custody or control referring or relating to communications regarding M.C. LLC's hiring practices (including without limitation identification and recruitment of potential employees, employee development, and employee retention), including, but not limited to, periodic newsletters, legislative updates, and other publications, as well as documents evidencing the form and content of communications (including without limitation online forums, bulletin boards, and other online communities), between M.C. LLC and other Jiffy Lube franchisees, between M.C. LLC and Jiffy Lube, or between M.C. LLC and any other person or entity.

7.    All documents in M.C. LLC's possession, custody or control referring or relating to the hiring by any Jiffy Lube franchisee of any person previously employed by Jiffy Lube or any other Jiffy Lube franchisee.

*See* Exhibit A.

Pursuant to Local Rule 26.1(f), counsel for M.C. met and conferred with counsel for Plaintiffs via e-mail correspondence on October 28, 2020, to attempt to resolve the issues raised by this motion to quash subpoena.  To date, M.C. has not received a response from Plaintiffs' counsel, necessitating this motion to quash.

## III.    LEGAL ARGUMENT

### A.    Legal Standard

It is well established that a "subpoena under Rule 45 must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1)." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013).   The subpoenaing party bears the initial burden of demonstrating that the documents sought through the subpoena are relevant.   *In re Domestic*

*Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014). If this initial burden is met, the party seeking to quash a subpoena "has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance . . . or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *First Sealord*, 918 F. Supp. 2d. at 383. In ruling on a motion to quash, "the court is required to balance several competing factors: (1) relevance, (2) need, (3) confidentiality, and (4) harm. *ITOCHU Intern., Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014). "Even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." *First Sealord*, 918 F. Supp. 2d at 383.

> **B.      The Subpoena Should be Quashed Because It Seeks the Production of Irrelevant Documents Outside the Scope of Permissible Discovery.**

Federal Rule of Civil Procedure 26(b)(1) "permits discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *Garden City Emps.' Ret. Sys. v. Psych Solutions, Inc.*, 2014 WL 272088, at *4 (E.D. Pa. Jan. 24, 2014). While the relevance standard is liberal, "permissible discovery is not without limitations. Discovery should not serve as a fishing expedition." *Plexicoat Am. LLC v. PPG Architectural Finishes, Inc.*, 2015 WL 171931, at *5 (E.D. Pa. Jan. 14, 2015).

The burden of demonstrating relevance is on the party seeking discovery. *See Mycogen Plant Sci., Inc. v. Monsanto Co.*, 164 F.R.D. 623, 625-26 (E.D. Pa. 1996); *Am. Elec. Power Co.*, 191 F.R.D. at 136. Relevance is determined in the context of the elements of the causes of action or defenses thereto and in assessing the proper scope of discovery, the Court should balance a

party's "right to discovery with the need to prevent 'fishing expeditions.'" *Provine v. Ambulatory Health Servs., Inc.*, 2014 WL 47771, at *2 (M.D. Pa. Jan. 6, 2014).

As stated in detail above, the Subpoena broadly seeks: (1) all documents related to M.C. LLC's data storage information for its employees at Jiffy Lube service centers (Request No. 2); (2) all documents related to M.C. LLC's current and former employees from 2009 to the present that it employed at its Jiffy Lube service centers (Request Nos. 3, 4); and (3) all documents related to M.C. LLC's hiring practices between M.C. LLC, Jiffy Lube, and any other entities (Request No. 6). The Subpoena should be quashed because it seeks the production of irrelevant documents outside the scope of permissible discovery.

First, the Subpoena's vague and overbroad requests for M.C.'s confidential information are particularly objectionable because the information sought is not relevant to the claims and defenses at issue in Plaintiffs' underlying claims against Jiffy Lube for violating antitrust and competition laws. The four categories of requested documents to which M.C. objects relates to M.C.'s relationship with Jiffy Lube and its employees—they have nothing to do with Jiffy Lube's alleged violations of antitrust law and restraints on commerce and trade. This is an antitrust case brought by two former Jiffy Lube employees – neither one employed by M.C. – claiming that they were underpaid because Jiffy Lube's no poach agreements violated antitrust law. M.C. is not identified in Plaintiffs' First Amended Complaint and none of their claims against Jiffy Lube relate in any way to M.C.'s relationship with Jiffy Lube and its employees. The information sought in these four Requests are irrelevant because it will not assist Plaintiffs in evaluating their claims against Jiffy Lube, preparing for trial on their claims against Jiffy Lube, or facilitating a settlement of their claims against Jiffy Lube. *See In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. at 239.

Second, to the extent such files might contain any potentially relevant documents, they can

be obtained from other sources without unnecessarily burdening M.C. (a non-party) and encroaching on the protected relationship between it, Jiffy Lube, and counsel. *See First Sealord*, 918 F. Supp. 2d at 383. Accordingly, the Court should quash Request for Production Nos. 2, 3, 4, and 6 in the Subpoena.

1.    **Request Nos. 3 and 4 Improperly Requests Information of Employees Who Are Not Similarly Situated to Plaintiffs.**

In the context of employment disputes, information relating to other company employees is not relevant where the employees are not similarly situated. *Connearney v. Main Line Hosps., Inc.*, 2016 WL 6569326, at *6 (E.D. Pa. Nov. 4, 2016) ("Because the other employees are not similarly situated to [plaintiff] as a matter of law, evidence of the discipline they received is not relevant to or probative of [defendants'] reasons for firing [plaintiff]"); *Hayduk v. City of Johnstown*, 2009 WL 3335355, at *3 (W.D. Pa. June 4, 2009) ("wage information of other employees, not similarly situated to [plaintiff], is not relevant and therefore not admissible"). As such, courts routinely deny the production of information and documents relating to employees that are not similarly situated. *Vedro v. Del Monte Foods*, 2005 WL 8174456, at *2 (W.D. Pa. Nov. 9, 2005) (denying a motion to compel information regarding another employee where the employees were not similarly situated).

To determine if employees are similarly situated, courts analyze whether the employees, among other things, had the same supervisor and held the same position. *Taylor-Bray v. Delaware Dep't of Services for Children, Youth & their Families*, 627 F. App'x 79, 83 (3d Cir. 2015) (noting that a trial court correctly found that two employees were not similarly situated where they had different supervisors, worked in different positions, and worked at different locations); *Wilcher v. Postmaster Gen.*, 441 F. App'x 879, 882 (3d Cir. 2011) ("A determination of whether employees

are similarly situated takes into account factors such as the employee's job responsibilities, the supervisors and decision-makers, and the nature of the misconduct engaged in").

Request Nos. 3 and 4 request all "employment data for all individuals that [M.C. LLC] have employed at any of [M.C. LLC's] Jiffy Lube service centers at any time from 2009 through the present" and all "documents sufficient to explain the meaning of the data responsive to any of these Requests (including all record layouts, data dictionaries, field codes, and other codes or descriptions) and to show how to operate or run any of the programs maintained on the computer-related equipment or systems utilized by [M.C. LLC] to maintain data responsive to any of these Requests, including whether any such data can be produced within an excel spreadsheet." *See* Exhibit A.

M.C. is a large, national limited liability company that employs hundreds of employees. If M.C. were required to provide Plaintiffs with the information they seek in Request Nos. 3 and 4, it would undoubtedly be filled with irrelevant information regarding employees that are not similarly situated because they did not work in a similar position as Plaintiffs or have the same supervisors. *Connearney*, 2016 WL 6569326, at *6; *Hayduk*, 2009 WL 3335355, at *3; *Vedro*, 2005 WL 8174456, at *2. As such, the Court should quash Plaintiffs' Request Nos. 3 and 4 in the Subpoena.

       **2.**       **Non-Parties are Entitled to Significant Protections When Served with a Subpoena and the Documents Requested are Not Relevant and Pose an Undue Burden.**

Whether a subpoena imposes an "undue burden" is a case specific inquiry that turns on: "(1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity

with which the party describes the requested documents; and (6) the burden imposed." *In re Domestic Antitrust Litig.*, 300 F.R.D. at 252 (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).  Non-party status is also a relevant factor that weighs against disclosure. *Id.* at 239 (a court should be "particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] nonparty").

The documents that Plaintiffs seek from M.C. create an undue burden because M.C. is not a party to the underlying action and the documents that Plaintiffs request are not relevant to the claims or defenses of any party.  Specifically, response to Plaintiffs' requests would involve the identification, gathering, and review of potentially thousands of pages of documents—including current and former employees' personnel files, payroll records, and related documentation pertaining to their employment and demographic.

To that end, Plaintiffs' requests for all employment-related documents relating to M.C.'s current and former employees for the last ***eleven years*** have no bearing on whether or not Plaintiffs suffered damages as a result of Jiffy Lube's alleged antitrust violations.  *First Sealord*, 918 F. Supp. 2d at 383.  The time period of the requests far exceed the relevant period of time at issue in the instant matter.  Likewise, from review of Defendant Jiffy Lube's prior motions and moving papers, it appears that the claims at issue were resolved through settlement in 2018 and that the provision at issue is no longer utilized by Jiffy Lube or its franchisees.  Accordingly, the relevant period is much more limited than the period of time in which Plaintiffs seek information and documents from M.C.

Indeed, Plaintiffs have not proffered a single reason as to why the requested information is relevant to Plaintiffs' claims or Jiffy Lube's defenses.  Plaintiffs' mere suspicion that there may be relevant documents is simply not sufficient to demonstrate relevance.  *Hashem v. Hunterdon*

8

*County*, 2017 WL 2215122, at * 3 (D.N.J. May 18, 2017) (holding "the mere possibility that [a party] may discover such evidence does not justify a wide-ranging fishing expedition into records that will contain a great deal of irrelevant and personally-sensitive information").  Accordingly, the Court should quash Plaintiffs' Request Nos. 2, 3, 4, and 6 in the Subpoena.

> C.   **Plaintiffs are Not Entitled to M.C. 's Current and Former Employees Wage or Employment Records as They are Protected by Privacy Rights.**

Pennsylvania district courts have consistently recognized that there exists a strong public policy against the disclosure of personnel files.  *Taffinger v. Bethlehem Steel Corp.*, 2001 WL 1287625, at *2 (E.D. Pa. Oct. 24, 2001); *see also Morton v. F.H. Paschen, Inc.*, 1998 WL 13270, at *3 (E.D. Pa. Jan. 15, 1998).  "Disclosure of the information in the personnel records and benefits file would violate the privacy interests of the former and present employees in their non-public salaries, benefits, and other such personal information contained in the personnel files."  *Province v. The Pep Boys—Manny, Moe, Jack*, 2000 WL 420626, at *2 (E.D. Pa. Apr. 12, 2000).

Plaintiffs' Subpoena requests all current and former employee records from 2009 to the present (Request Nos. 3 and 4).  Plaintiffs are not entitled to seek this information and documents as they are protected by the employees' rights to privacy.

First, M.C.'s current and former employees have a legitimate expectation of privacy regarding their private personal information and their financial and proprietary business information.  Requesting production of these documents (as Request No. 3 and 4 do) would violate these employees right to privacy and be contrary to established Pennsylvania law.  *Province*, 2000 WL 420626, at *2.

Second, as all the parties in this action are private litigants there is no legitimate public interest issues that would be served if M.C.'s current and former employees' confidential

information requested by Plaintiffs were not protected from disclosure.  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) (holding if a case involves private litigants and concerns matters of little public interest, that should be weigh in favor of maintaining the records confidential).

Third, M.C. would suffer injury by disclosure of the information requested in the Subpoena.  For instance, information regarding M.C.'s marketing strategies, recruiting strategies, financial projections and statements, minutes of board meetings, trademarks, patents, and allocation of company shares among its members and employees – all potentially the subject of discovery in Plaintiffs' Subpoena – could provide a competitive advantage to M.C.'s competitors. Further, M.C. would suffer injury if its competitors were able to gain access to proprietary, confidential, and/or trade secret information (information arguably requested by Plaintiffs overly broad Request No. 6).  In addition, M.C. 's current and former employees would suffer injury if their personal and private information was unnecessarily made available to the public as their privacy rights would be violated.  *Province*, 2000 WL 420626, at *2.

Fourth, M.C. has an obligation to protect its current and former employees from undue embarrassment based on their private employee records.  Disclosure of such private employee records will violate nonparties' privacy interests and cause embarrassment.  *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (holding that whether disclosure of information will cause a party embarrassment is a factor weighing in favor of holding the information as private and confidential).

Accordingly, the Court should quash Plaintiffs' Request Nos. 2, 3, 4, and 6 in the Subpoena.

FP 38902925.1

## IV.    CONCLUSION

As a result of the foregoing, M.C. LLC respectfully requests that this Honorable Court quash Plaintiffs Victor Fuentes and Cayla Young's overly broad, harassing and unduly burdensome subpoena served upon M.C. LLC.

Dated: October 29, 2020                     By:   *s/ Heather Z. Steele, Esq.*
                                                    Heather Z. Steele
                                                    FISHER & PHILLIPS LLP
                                                    Two Logan Square, 12th Floor
                                                    100 N. 18th Street
                                                    Philadelphia, Pennsylvania 19103
                                                    Telephone: (610) 230-2150
                                                    Facsimile: (610) 230-2151
                                                    hsteele@fisherphillips.com

                                                    *(additional counsel on next page)*

                                                    Todd B. Scherwin - CA239848
                                                    Shaun J. Voigt - CA265721
                                                    FISHER & PHILLIPS LLP
                                                    444 South Flower Street, Suite 1500
                                                    Los Angeles, California 90071
                                                    Telephone: (213) 330-4500
                                                    Facsimile: (213) 330-4501
                                                    tscherwin@fisherphillips.com
                                                    svoigt@fisherphillips.com

                                                    Nathan K. Low - CA299587
                                                    FISHER & PHILLIPS LLP
                                                    One Embarcadero Center, Suite 2050
                                                    San Francisco, California 94111-3712
                                                    Telephone: (415) 490-9000
                                                    Facsimile: (415) 490-9001
                                                    nlow@fisherphillips.com

FP 38902925.1

## <u>CERTIFICATION OF COUNSEL</u>

I, Heather Z. Steele, Esquire, counsel for the M.C. LLC, hereby certify that the parties, after reasonable efforts, are unable to resolve the dispute addressed in this Motion to Quash.

Date: October 29, 2020                           *s/ Heather Z. Steele, Esq.*
                                                                    Heather Z. Steele, Esq.

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on the date shown below a true and correct copy of the foregoing Motion of Non-Party M.C. LLC Motion to Quash a Subpoena, Memorandum of Law in Support thereof, along with all appended materials, was electronically filed and will be electronically served on all counsel of record as follows:

Attorneys for Plaintiffs, VICTOR FUENTES and CAYLA YOUNG

RICHARD M. PAUL , III
LAURA C. FELLOWS
GEORGE R. BRAND
PAUL LLP
601 WALNUT, SUITE 300
KANSAS CITY, MO 64106
Tel: 816-984-8100
Fax: 816-984-8101
Email: rick@paulllp.com
Email: Laura@PaulLLP.com
Email: George@PaulLLP.com

JOHN A. YANCHUNIS
MORGAN & MORGAN
201 N FRANKLIN ST 7TH FL
TAMPA, FL 33602
Tel: 813-275-5272
Email: jyanchunis@forthepeople.com

JOSHUA J. BLOOMFIELD
GEORGE W. SAMPSON
MICHAEL L. SCHRAG
GIBBS LAW GROUP LLP
505 - 14TH ST SUITE 1110
OAKLAND, CA 94612
Tel: 510-350-9703
Email: jjb@classlawgroup.com
Email: mls@classlawgroup.com

KEVIN CLANCY BOYLAN
MORGAN & MORGAN
1800 JOHN F KENNEDY BLVD
SUITE 1401
Philadelphia, PA 19103
Tel: 215-446-9795
Fax: 215-446-9799
Email: cboylan@forthepeople.com

ADDITIONAL PARTIES CONTINUED ON NEXT PAGE

FP 38902925.1

Attorneys for Defendant, JIFFY LUBE INTERNATIONAL, INC.

ANNE M. RODGERS
ELIOT TURNER
LAYNE E. KRUSE
NORTON ROSE FULBRIGHT US LLP
1301 MCKINNEY ST SUITE 5100
HOUSTON, TX 77010
Tel: 713-651-3797
Email:
anne.rodgers@nortonrosefulbright.com
Email:
layne.kruse@nortonrosefulbright.com

ANDREA L. D'AMBRA
NORTON ROSE FULBRIGHT US LLP
1301 AVENUE OF THE AMERICAS
NEW YORK, NY 10019
Tel: 212-318-3015
Email:
andrea.dambra@nortonrosefulbright.com

Attorneys for Interested Party, ACE Lube Centers, LLC

ALAN C. MILSTEIN
SHERMAN SILVERSTEIN KOHL ROSE
PODOLSKY
308 HARPER DR STE 200
MOORESTOWN, NJ 08057-3245
Tel: 856-662-0700
Fax: 856-488-4744
Email: amilstein@shermansilverstein.com

SCOTT M. ZASLAV
TODD A. ARMBRUSTER
MOSKOWITZ, MANDELL, SALIM &
SIMOWITZ, P.A.
800 CORPORATE DRIVE, SUITE 500
FORT LAUDERDALE, FL 33334
Tel: 954-491-2000
Fax: 954-491-2051
Email: szaslav@mmsslaw.com
Email: tarmbruster@mmsslaw.com

Date: October 29, 2020             ___*s/ Heather Z. Steele, Esq.*_____
                                       Heather Z. Steele, Esq.

# EXHIBIT A

# GIBBS LAW GROUP
## ——— L L P ———

September 25, 2020

**VIA HAND DELIVERY**

M.C. LLC
Attn: Records Department
c/o Marc Fanticola
1422 Edinger Avenue, Suite 150
Tustin, CA 92780

**Re:**   **Fuentes, et al. v. Jiffy Lube Int'l, Inc. (E.D. Pa., No. 2:18-cv-05174-AB)**

To Whom it May Concern:

    This firm represents the plaintiffs and putative class in the above-referenced matter. Enclosed for service upon the named entity is a subpoena requiring production of the requested documents by October 30, 2020.

    We will reimburse the named entity for reasonable copying and postage charges. Please direct all reimbursement requests to my attention at: jjb@classlawgroup.com.

    Please contact me should you have any questions or concerns.

Very truly yours,

Joshua J. Bloomfield

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Pennsylvania

| | | |
|---|---|---|
| VICTOR FUENTES, et al. | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:18-VC-05174-AB |
| | ) | |
| JIFFY LUBE INTERNATIONAL, INC , | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   M.C. LLC
_____

*(Name of person to whom this subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Gustafson Gluek PLLC<br>600 B Street, Suite 1700<br>San Diego, CA, 92101 | Date and Time:<br>9:00 a.m., October 30, 2020 |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/25/2020

| CLERK OF COURT | | |
|---|---|---|
| *Kate Barkma* | OR | *mumm Vedurg* |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Victor Fuentes, et al. _____ _____ , who issues or requests this subpoena, are:

Michael Schrag, GIBBS LAW GROUP LLP, 505 14th St., Ste. 1110, Oakland, CA 94612 (510)350-9700 mls@classlawgroup.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

*Victor Fuentes and Cayla Young, individually and on behalf of all others similarly situated,*

*v.*

*Jiffy Lube International, Inc.*

*United States District Court, Eastern District of Pennsylvania*

*Case No. 2:18-cv-05174-AB*

## DEFINITIONS

1.      As used herein, "YOU" or "YOUR" means and refers to M.C. LLC, including any person or entity acting at your direction or on your behalf.

2.      As used herein, "JIFFY LUBE" means Defendant JIFFY LUBE INTERNATIONAL, INC., as identified above, and includes any person or entity acting at its direction, or on its behalf.

3.      The term "NO-POACH AGREEMENT" means a contractual provision in a JIFFY LUBE franchise agreement limiting the hiring of employees of JIFFY LUBE or other JIFFY LUBE franchisees.

4.      The terms "DOCUMENT" or "DOCUMENTS" mean a writing, recording, and/or photograph, as defined in the Federal Rules of Evidence, and includes the original, or a copy, of handwriting, typewriting, printing, photostats, photographs, electronically stored information, email, electronic media and transmission (including pixels and internet), and every other means of recording upon any tangible thing, and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. Without limiting the breadth and generality of the foregoing, DOCUMENT includes ESI and all information maintained as computer files, or otherwise, on computer disks or any other computer storage media. "DOCUMENT" means and is defined synonymously with "WRITING."

5.      "ESI" means information that is stored in an electronic medium. All ESI, including email, word processing documents, spreadsheet documents, databases, and other pertinent files, shall be produced in their original, and native, format. Whenever the native format permits, all ESI produced shall be machine-readable.

## DOCUMENTS TO BE PRODUCED

1.     A copy of any operations manual, handbook, guide, or other DOCUMENT concerning recruitment, hiring, staffing, compensation, or labor relations provided to YOU by JIFFY LUBE.

2.     DOCUMENTS sufficient to identify any systems, including third-party systems, that store data relating to employees at any of YOUR JIFFY LUBE service centers, including a copy of the data fields available (and dates available) for any such systems, and any related data dictionaries or guides.

3.     Employment data for all individuals that YOU have employed at any of YOUR JIFFY LUBE service centers at any time from 2009 through the present, including the:

     a.     Employee name;

     b.     Unique employee identification number;

     c.     Compensation data (*e.g.*, hourly wage or salary);

     d.     Payroll data (*e.g.,* weekly/biweekly employee pay and hours worked);

     e.     Employer/store location (address);

     f.     Job Title/Position and/or employee classification (with related codes and descriptions);

     g.     Demographic information (*e.g.*, social security number, home address, education level, age, and gender);

     h.     Employment dates (in each position if multiple held);

     i.     Number of hours logged per day, week, month, and/or year (to the extent not already included in Payroll data);

     j.     Records of promotions and corresponding pay increases/changes in benefits;

     k.     Full-time or part-time status;

     l.     Exempt or non-exempt status;

     m.     Leaves of absence;

n.     Whether or not an employee non-competition agreement (or similar document) was signed;

o.     Familial status (*e.g.*, single, married, etc.);

p.     Prior employment data; and

q.     Other regularly maintained personnel data.

4.     DOCUMENTS sufficient to explain the meaning of the data responsive to any of these Requests (including all record layouts, data dictionaries, field codes, and other codes or descriptions) and to show how to operate or run any of the programs maintained on the computer-related equipment or systems utilized by YOU to maintain data responsive to any of these Requests, including whether any such data can be produced within an excel spreadsheet.

5.     All DOCUMENTS in YOUR possession, custody or control referring or relating to communications regarding NO-POACH AGREEMENTS, including, but not limited to, periodic newsletters, legislative updates, and other publications, as well as DOCUMENTS evidencing the form and content of communications (including without limitation online forums, bulletin boards, and other online communities), between YOU and other JIFFY LUBE franchisees, between YOU and JIFFY LUBE, or between YOU and any other person or entity.

6.     All DOCUMENTS in YOUR possession, custody or control referring or relating to communications regarding YOUR hiring practices (including without limitation identification and recruitment of potential employees, employee development, and employee retention), including, but not limited to, periodic newsletters, legislative updates, legislative updates, and other publications, as well as DOCUMENTS evidencing the form and content of communications (including without limitation online forums, bulletin boards, and other online communities), between YOU and other JIFFY LUBE franchisees, between YOU and JIFFY LUBE, or between YOU and any other person or entity.

7.     All DOCUMENTS in YOUR possession, custody or control referring or relating to the hiring by any JIFFY LUBE franchisee of any person previously employed by JIFFY LUBE or any other JIFFY LUBE franchisee.