**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICTOR FUENTES,<br>    Plaintiff, | |
| | CIVIL ACTION<br>No. 18-5174 |
| v. | |
| JIFFY LUBE INTERNATIONAL, INC.<br>    Defendant. | |

**March 15, 2023**                                                                                           **Anita B. Brody, J.**

**MEMORANDUM**

**I.      INTRODUCTION AND BACKGROUND**

Oscar Jimenez ("Jimenez") seeks to intervene as of right in this action against Defendant Jiffy Lube International, Inc. ("Jiffy Lube") for violations of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. *See* Motion to Intervene, ECF No. 94. In this action, current and former employees of Jiffy Lube franchises bring claims against Jiffy Lube for harms arising from Jiffy Lube's use of "no-poach clauses" in its employment agreements. Victor Fuentes ("Fuentes"), the class representative, has reached a Proposed Settlement with Jiffy Lube on behalf of himself and other current and former employees of Jiffy Lube locations in the Philadelphia-Wilmington-Camden metropolitan area. *See* Motion for Approval of Settlement and for Certification of the Proposed Settlement Class, ECF No. 90. The Proposed Settlement does not include Jiffy Lube employees from outside that geographic region. Jimenez, a former employee of a Jiffy Lube location in California, asserts that intervention is warranted as of right because Fuentes is no longer an adequate representative of his interest. For the following reasons, I will grant the motion to intervene.

**II.    DISCUSSION**

Rule 24(a)(2) of the Federal Rules of Civil Procedure states:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

When the requirements of Rule 24(a)(2) are met, courts must allow intervention as of right. The Third Circuit has held that Rule 24(a)(2) has four requirements a proposed intervenor must satisfy: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005). District courts must be generous and flexible when deciding whether to allow intervention in class actions. *See Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 970-72 (3d Cir. 1998); *Harris v. Pernsley*, 820 F.2d 592, 597 (3d Cir. 1987).

In this instance, Jimenez meets the requirements to intervene as of right. First, Jimenez's motion is timely because he moved to intervene promptly after he learned from the filing of the Proposed Settlement on behalf of the smaller-than-original class that his interest was not being represented. *See, e.g., In re Telectronics Pacing Sys., Inc.*, 221 F.3d 870, 881-82 (6th Cir. 2000); *In re Discovery Zone Sec. Litig.*, 181 F.R.D. 582, 589 (N.D. Ill. 1998). Next, Jimenez has demonstrated a sufficient interest specific to him that may be affected or impaired by the disposition of this action because he was a member of the class as pled in both the original Complaint and First Amended Complaint. *See* Complaint, ECF No. 1 ¶ 74; First Amended Complaint, ECF No. 53 ¶ 79; *see also In re Cmty. Bank*, 418 F.3d at 314; *Benjamin ex rel. Yock*

*v. Dep't of Pub. Welfare*, 701 F.3d 938, 951 (3d Cir. 2012). Finally, Jimenez has shown that his interest is not adequately represented in this action because Fuentes seeks to certify a class that no longer includes Jimenez, and therefore is not giving attention to Jimenez's interest. *See Pennsylvania v. President United States of Am..*, 888 F.3d 52, 60 (3d Cir. 2018); 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 1909 (2022).

Accordingly, Jimenez meets the requirements for intervention under Rule 24(a)(2).[1]

### III. CONCLUSION

For the reasons given above, I will grant the motion to intervene.

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF**

---

[1] In the alternative, Jimenez seeks permissive leave to intervene. Under Rule 24(b)(1)(B) of the Federal Rules of Civil Procedure, "the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(3), in turn, provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See also McKay v. Heyison*, 614 F.2d 899, 906 (3d Cir. 1980). I find that Jimenez's claims share with the main action a common question of law or fact, and that allowing him to intervene will not cause undue delay or prejudice to the existing parties. Accordingly, I find that even if intervention as of right were not warranted, Jimenez would meet the requirements for permissive leave to intervene.