## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Victor Fuentes,                          :
                                         :
   Plaintiff,            :  CIVIL ACTION
                                         :  No. 18-5174
   v.                     :
                                         :
Jiffy Lube International, Inc.,          :
                                         :
   Defendant.             :

## MEMORANDUM

Oscar Jimenez is an intervenor in ongoing antitrust class action litigation against Jiffy Lube International, Inc. ("Jiffy Lube"). He seeks to represent a nationwide class of former Jiffy Lube franchisee employees in their claims against Jiffy Lube. Jiffy Lube argues that Jimenez is bound by an arbitration agreement, and that he may not proceed with these claims in court.

The Court will grant Defendant's Motion to Compel Arbitration (ECF No. 131). Jimenez's remaining motions (ECF Nos. 125, 129, 144) will be resolved as moot.[1]

## I. BACKGROUND

Jiffy Lube is the largest "quick lube" chain in the United States, providing oil change and other light automotive repair services at over 2,000 Jiffy Lube shops across the United States and Canada. Intervenor's Compl., ECF 94-2 ¶ 1.[2] Each Jiffy Lube shop is owned and operated by an independent business that enters into a franchise agreement with Jiffy Lube. *Id.* ¶ 2. From at least

---

[1] Jiffy Lube's Motion to Dismiss the Complaint (ECF No. 134) will likewise be resolved as moot.
[2] All facts are taken from Jimenez's Complaint unless otherwise noted. Because I evaluate Jiffy Lube's motion to compel arbitration under a motion to dismiss standard, I treat the factual allegations in the Complaint as true, *see Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).

2014 until December 2018, Jiffy Lube incorporated a clause into its franchise agreements that prohibited franchisees from soliciting or hiring employees from other Jiffy Lube franchisees. *Id.* ¶ 34. Former Jiffy Lube franchisee employees claim that the "no-poach" agreements artificially restricted competition between Jiffy Lube franchisees. *Id.* ¶¶ 40, 45.

On November 29, 2018, former Jiffy Lube franchisee employee Victor Fuentes filed a complaint against Jiffy Lube, individually and on behalf of a nationwide class. Pl.'s Compl., ECF No. 1 ¶ 74. He sought to represent a nationwide class of former Jiffy Lube franchisee employees who had their wages depressed as a result of the "no-poach" provisions contained in Jiffy Lube's franchise agreements. *Id.* ¶¶ 8, 74. On July 22, 2022, nearly four years later, Fuentes and Jiffy Lube allegedly reached a settlement of class claims. Pl.'s Mot. Approval of Settlement, ECF No. 90. The proposed settlement class was no longer nationwide. *Id.* It simply encompassed those employees who had worked at a Jiffy Lube in the greater Philadelphia metropolitan area. *Id.*

Six weeks after Fuentes and Jiffy Lube proposed this settlement, Jimenez moved to intervene. Mot. to Intervene, ECF No. 94. Jimenez is a former employee of a California-based Jiffy Lube franchisee, Alamitos Enterprises, LLC ("Alamitos"). Intervenor's Compl., ECF No. 94-2 ¶ 106. He attached a new complaint alleging violations of antitrust law, which he sought to litigate on behalf of himself and a nationwide class of former Jiffy Lube workers. *See* Intervenor's Compl., ECF No. 94-2. He did not oppose the existing proposed settlement agreement for the Philadelphia area. Mot. to Intervene at 2. Instead, he put himself forward as a plaintiff for continued litigation of nationwide class claims or a California subclass. *Id.* In March 2023, the Court granted Jimenez's motion to intervene given his interest in the case as a potential class member. Mem. and Order, ECF Nos. 116, 117.

2

Jimenez began to litigate his claims. On April 5, 2023, he moved for appointment as a class representative. Intervenor's Mot. to Appoint Interim Class Representative, ECF No. 125. On April 6, 2023, he moved to access the existing discovery record. Intervenor's Mot. for Disc., ECF No. 129. On April 19, 2023, Jiffy Lube moved to compel Jimenez to arbitrate his claims. Def.'s Mot. to Compel Arbitration, ECF No. 131. On April 21, 2023, Jiffy Lube moved to dismiss Jimenez's complaint. Def.'s Mot. to Dismiss for Failure to State a Claim, ECF No. 134.

## II.   DISCUSSION

Before reaching a party's outstanding motions, a court must determine if the parties intended to arbitrate their dispute. *See Silfee v. Automatic Data Processing, Inc.*, 696 F. App'x 576, 577 (3d Cir. 2017) (citing *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004)). Jiffy Lube moves to compel arbitration based on the Arbitration Agreement contained in the paperwork given to newly-hired employees of the Alamitos Jiffy Lube locations.

"To compel arbitration, a court must consider whether (1) [a] valid agreement to arbitrate exists and (2) the particular dispute falls within the scope of that agreement." *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 338 (3d Cir. 2023) (internal quotation marks omitted). Courts use state contract law to make these determinations—in this case, California law.[3] *James v. Glob. TekLink Corp.*, 852 F.3d 262, 265 (3d Cir. 2017). Jiffy Lube submits that this case must be sent to arbitration for two reasons. First, Jimenez acknowledged receipt of an arbitration agreement that became binding after 30 days of employment. Second, the scope of the arbitration agreement includes all claims arising from Jimenez's employment. Jimenez opposes the motion to compel arbitration. He argues (1) that he did not sign the arbitration provision, and therefore did not agree to arbitrate his claims, and (2) that he was not put on sufficient notice that his continued

---

[3] Because Jimenez and Jiffy Lube agree that California law governs this arbitration agreement, I assume, without deciding, that California contract law applies.

3

employment could constitute an assent to the arbitration agreement. He does not contest that his claims fall within the scope of the arbitration agreement. For the reasons set out below, I will grant Jiffy Lube's motion and compel arbitration.

## A. __Legal Standard__

In deciding a motion to compel arbitration, a court must use either a motion to dismiss or summary judgment standard. The Third Circuit has held that "when it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (internal quotation marks omitted). "But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue," the court must assess the motion under the summary judgment standard following limited discovery. *Id.*

While Jimenez does not reference the arbitration agreement in his Complaint, "it is clearly integral to [his] claims." *Curtis v. Cintas Corp.*, 229 F. Supp. 3d 312, 315 (E.D. Pa. 2017) (Kelly, J.). Further, "[Jiffy Lube] attached the [arbitration agreement] to its [m]otion, and [Jimenez] does not contest its authenticity." *Id.*; *see also Hewitt v. Rose Grp.*, No. 15-5992, 2016 WL 2893350, at *2 (E.D. Pa. Mar. 21, 2016) (McHugh, J.) (applying the motion to dismiss standard because "there is no lack of clarity regarding the agreement to arbitrate, and Plaintiff has not produced any additional facts sufficient to place the agreement to arbitrate at issue").

Jimenez asserts that he was never made aware of the arbitration agreement, and so he cannot be bound by it. Jimenez Decl., ECF No. 141-1. Jimenez's bare assertion that he was not

made aware of the arbitration agreement is insufficient, without more, to create a genuine issue of material fact as to whether Jimenez acknowledged receipt of the agreement on the ADP platform. *See Dicent v. Kaplan University*, 758 Fed. App'x 311, 313–14 (3d Cir. 2019) ("[T]here is no issue of material fact, as Dicent presented no evidence to contradict Appellee's statement, other than to generally argue that she was unaware of the Arbitration Agreement until Appellee presented it to the District Court") (citing *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735–36 (7th Cir. 2002)).

I therefore evaluate Jiffy Lube's motion to compel arbitration under a motion to dismiss standard. I accept the facts in the Complaint as true and construe them in the light most favorable to the plaintiff, Jimenez. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). With this standard in mind, I now turn to Jimenez's objection to the arbitration agreement.

### B. <u>Scope of the Agreement</u>

Jiffy Lube argues—and Jimenez does not dispute—that this action falls within the arbitration agreement's scope. ECF No. 131, at 5–7. After reviewing the agreement, I agree.

The text of the arbitration agreement states, in relevant parts:

> **This dispute resolution agreement is a contract and covers important issues relating to your rights. It is your sole responsibility to read and understand it.**
> […]
> 1. **<u>Arbitration</u>**. This Agreement is governed by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.). Except as it otherwise provides, this Agreement applies to any dispute arising out of or related to the Employee's (sometimes "you" or "your") employment or relationship with Alamitos Enterprises, LLC ("Company") or employment or relationship with any of its agents, employees, affiliates, successors, subsidiaries, assigns or parent companies or termination of employment regardless of its date of accrual and survives after the employment relationship terminates. Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. Except as otherwise stated in this Agreement, you and the Company agree that any legal dispute or controversy covered by this Agreement, or arising out of, or relating to, or concerning the validity, enforceability or breach of this Agreement, shall be resolved by final and binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration

Association ("AAA Rules") then in effect, and not by court or jury trial[.]
[…]

2. **Class Action Waiver**. […] [T]**his Agreement affects your ability to participate in class or collective actions.** Both the Company and you agree to bring any dispute in arbitration on an individual basis only, and not on a class or collective basis on behalf of others.

3. **Your Right to Opt Out of Arbitration. Arbitration is not a mandatory condition of your employment at the Company, and therefore you may submit a statement notifying the Company that you wish to opt out and not be subject to this Agreement.** […] If you opt out as provided in this paragraph, you will not be subject to any adverse employment action as a consequence of that decision and may pursue legal remedies without regard to this Agreement. If you do not opt out within 30 days of your receipt of this Agreement, continuing your employment constitutes mutual acceptance of the terms of this Agreement by you and the Company.

Def. Ex. A, ECF No. 131-1 at 2, 3. At the end of the arbitration agreement, there is a signature block that is digitally signed by Alamitos but not by Jimenez. *Id.* at 3.

The agreement expressly provides for arbitration of "any dispute arising out of or related to the Employee's (sometimes 'you' or 'your') employment or relationship with Alamitos Enterprises, LLC ('Company') or employment or relationship with any of its agents, employees, affiliates, successors, subsidiaries, assigns or parent companies[.]" Def. Ex. A, ECF No. 131-1 at 2. This dispute—a class action filing regarding wages and conditions of employment—falls within the scope of the arbitration agreement.

C. **Acknowledgment of the Agreement**

Further, Jiffy Lube has submitted screenshots to show that a user account associated with Oscar Jimenez marked the arbitration agreement as "acknowledged." Biddle Decl. Ex. B, ECF No. 131-2 ¶¶ 15–16. Jiffy Lube also attached affidavits from Michael Biddle, the Chief Operating Officer of the Alamitos Jiffy Lube franchise where Jimenez was employed, and Aini Ali, the Vice President of Major Accounts Operation for ADP, Inc. ("ADP"). Biddle Decl., ECF No. 131-2; Ali Decl., ECF No. 143-1. Alamitos uses ADP's Workforce Now® product as a platform to allow

6

employees to "access and acknowledge materials as part of a new hire profile[.]" Ali Decl. ¶ 5. Jimenez responded by submitting an affidavit stating that he did not recall being informed of an arbitration agreement, and that he would have opted out of the agreement if he had been so informed. Jimenez Decl., ECF No. 141-1 ¶ 2. He does not, however, dispute the authenticity of the arbitration agreement, his ownership of the ADP account, that account's acknowledgment of the agreement, his failure to opt out, or his continued employment more than 30 days after the ADP user acknowledged the agreement. *See generally* Intervenor's Opp'n to Def.'s Mot. to Compel Arbitration, ECF No. 141.

**D.  Agreement by Continued Employment**

Jiffy Lube argues that Jimenez assented to the arbitration agreement by continuing to work at Alamitos for more than 30 days after receiving the agreement. ECF No. 131 at 3. Alamitos' arbitration agreement contained an opt-out provision stating, in relevant part: "If you do not opt out within 30 days of your receipt of this Agreement, continuing your employment constitutes mutual acceptance of the terms of this Agreement by you and the Company." Def. Ex. A, ECF No. 131-1 at 3.

California contract law allows employers to set or change the terms of employment, as long as the employee is given notice (and the change does not violate a statute or another contractual agreement). *Diaz v. Sohnen Enterprises*, 245 Cal. Rptr. 3d 827, 831 (Ct. App. 2019). Once notice is given, continued employment can constitute acceptance and lead to a binding agreement to arbitrate. *Craig v. Brown and Root, Inc.*, 100 Cal. Rptr. 2d 818, 820 (Ct. App. 2000) (affirming order compelling arbitration because employer sent a memorandum to employees regarding new binding arbitration policy and employees continued employment). "California law in this area is settled: when an employee continues his or her employment after notification that an agreement to

arbitration is a condition of continued employment, that employee has impliedly consented to the arbitration agreement." *Diaz*, 245 Cal. Rptr. 3d at 830 (collecting cases). Jimenez does not dispute that he continued working at Alamitos after receiving notice that his employment would constitute acceptance of the arbitration agreement. *See generally* Intervenor's Opp'n, ECF No. 141.

### E. **Lack of Notice**

Jimenez argues that he is not bound by the arbitration agreement because he does not recall seeing it and did not sign it. *See generally* Intervenor's Opp'n; Jimenez Decl. He claims that he was not put on sufficient notice that his continued employment would constitute acceptance of the arbitration agreement. *Id.*

Courts interpreting California contract law, however, routinely compel uphold arbitration agreements despite a party's protest that they do not recall agreeing to them. *See, e.g., Solorio v. ABC Phones of North Carolina*, No. 20-cv-1051, 2021 WL 2390420, at *3 (E.D. Cal. June 11, 2021) (compelling arbitration despite Plaintiff's objection that they did not recall signing an arbitration agreement); *Chalian v. CVS Pharmacy, Inc.*, No. 16-cv-8979, 2017 WL 6940520, at *3 (C.D. Cal. Oct. 17, 2017) (same); *Ngo v. PMGI Financial, LLC*, No. 18-cv-5401, 2018 WL 6618316, at *5–6 (N.D. Cal. Dec. 18, 2018) (same). The party seeking to compel arbitration must prove the existence of the arbitration agreement by a preponderance of the evidence. *Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal. 4th 394, 413 (1996). Jiffy Lube provided two affidavits describing the process by which Jimenez's acknowledgment of receiving the arbitration agreement is saved under his unique profile. ECF No. 131-2; ECF No. 143-1. Jimenez has failed to discredit these affidavits beyond averring that he "never heard anything about an arbitration agreement" while working for the Jiffy Lube franchisee. ECF No. 141-1 ¶2. Defendant Jiffy Lube

has therefore met its burden to show that this arbitration agreement exists, and that Jimenez acknowledged receiving the agreement.

Jimenez points out that even if he acknowledged receiving the agreement, he did not sign in the signature block provided. ECF No. 141 at 9. A survey of California contract law confirms that acknowledgment of receipt does not, by itself, create the mutual assent needed to create an enforceable arbitration contract. *See, e.g., Mitri v. Arnel Mgmt. Co.*, 69 Cal. Rptr. 3d 223, 230 (Ct. App. 2007) (declining to compel arbitration because an acknowledgment of receipt did not, by itself, constitute an agreement to arbitrate); *Ajamian v. CantorCO2e, L.P.*, 137 Cal. Rptr. 3d 773, 805 (Ct. App. 2012); *Romo v. Y-3 Holdings, Inc.*, 105 Cal. Rptr. 2d 208, 212-13 (Ct. App. 2001). Without more, Jimenez's acknowledgement that he received an arbitration contract (but did not sign it) would be insufficient to create a binding arbitration contract.

However, Jimenez's acknowledgment that he received and read the agreement did put him on notice that his continued employment would constitute acceptance of the arbitration agreement. Jimenez's notice was substantially similar to that received by other plaintiffs who were compelled to arbitrate. *See Aquino v. Toyota Motor Sales USA, Inc.*, No. 15-cv-5281, 2016 WL 3055897, at *4 (N.D. Cal. May 31, 2016) (compelling arbitration where employee was given a deadline to opt-out out of arbitration, did not opt-out, and continued employment); *Castorena v. Charter Commc'ns, LLC*, No. 18-cv-07981, 2018 WL 10806903, at *4 (C.D. Cal. Dec. 14, 2018) ("Plaintiffs consented to individually arbitrate all employment-related disputes with Defendant when they failed to opt out and continued their employment with Defendant."); *Jones-Mixon v. Bloomingdale's, Inc.*, No. 14-cv-1103, 2014 WL 2736020, at *5 (N.D. Cal. June 11, 2014) (compelling arbitration where newly hired employee was told she would agree to arbitration unless she opted out within 30 days after receipt of arbitration agreement); *Harris v. TAP Worldwide,*

*LLC*, 203 Cal. Rptr. 3d 522, 528 (Ct. App. 2016) ("[P]laintiff consented to arbitrate his claims when he began and continued working for TAP Worldwide, LLC."). Here, Jimenez acknowledged receipt of the arbitration agreement, did not opt out, and continued employment.[4] He is therefore bound to arbitrate his claims subject to that agreement.

**IV.   CONCLUSION**

For the reasons discussed above, I will grant Defendant's Motion to Compel Arbitration. The remainder of the motions filed by Intervenor Oscar Jimenez's claims will be resolved as moot because he may not proceed as a plaintiff in this litigation. Defendant Jiffy Lube's motion to dismiss the complaint will likewise be resolved as moot. An appropriate order follows.

s/ANITA B. BRODY, J.
ANITA B. BRODY, J.
September 14, 2023

---

[4] Jimenez cites *Gilbert v. I.C. Sys., Inc.* for the proposition that conclusory assertions that a person received notice are insufficient to establish an implied-in-fact agreement to arbitrate. No. 19-cv-4988, 2021 WL 292852, at *8 (N.D. Ill. Jan. 28, 2021). But the facts in *Gilbert* are distinguishable from those before me today. In *Gilbert*, defendants failed to allege any facts establishing how or whether the plaintiff received the terms and conditions containing the arbitration provision. *Id.* at *7.